Commonwealth v. Gatliff.

CASE 11.—PETITION BY A. GATLIFF AGAINST THE COMMONWEALTH TO LIST LANDS FOR TAXATION UNDER ACTS 1906.—February 17.

## Commonwealth v. Gatliff

Appeal from Leslie Circuit Court.

L. D. LEWIS, Circuit Judge.

From a judgment of the circuit court on appeal from the county court, the Commonwealth appeals.—Reversed.

1. Taxation—Assessment—Petition to List—Sufficiency.—Act June, 1906 (Acts 1906, p. 115, c. 22), art. 3, section 1, requires owners of land to pay all taxes assessed or assessable for the years 1901-1905. Under section 2 a petition by the owner to list the land must describe the land so that it may be identified. A petition stated that petitioner owned by equitable title 90 grants from the Commonwealth, of 200 acres each, granted in 1870 to specified persons; described the lands as "400 acres on the point on the west side of" a specified creek, etc.; and further stated that the patents include land patented before 1870, and that the land actually held by him was about 4,000 or 5,000 acres, worth about $12,500. On the

petition being held insufficient by the county court, petitioner tendered an amendment fully describing each tract; but the last-mentioned provision of the original petition was left unchanged. On appeal to the circuit court he was allowed to file the amendment, and later filed another retaining such provision and giving a different description of the tracts; eliminating the boundaries conflicting with what petitioner conceived to be better titles. Held, That the petition and amendments insufficiently described the lands under the statute.

2. Taxation—Assessment—Petition to List—Time for Filing.—The act makes the county court the assessing tribunal and re quires lands to be listed before January 1, 1907. Held, That the county court having ruled properly on the petition and its amendment, and petitioner having failed to tender to that court within the prescribed time a sufficient petition, his right to file it could not be revived nor extended by an appeal to the circuit court.

JAS. H. JEFFRIES, WOOTTON & MORGAN for appellants.

JAS. BREATHITT, Attorney General; IRA FIELDS, J. B. MANNARD, JESSE MORGAN and A. B. DIXON of counsel.

AUTHORITIES CITED.

Eastern Kentucky Coal Lands Corporation v. Commonwealth, 32 Ky. Law Rep. 129, 106 S. W. 260; McCormick v. McCormick, 6 Ky. Law Rep. 585 (abstract).

Acts of 1906, chapter 22, article 3, page 116; Southern Lumber Company v. Wireman, 41 S. W. 297 to 299; Anderson v. Likens, 47 S. W. 867 to 869; Banks v. Sergent, 48 S. W. 150; Combs v. Eversole, 70 S. W. 638 to 639; Asher v. Uhl, 87 S. W. 307 to 310; Anderson's Dictionary of Law, p. 1054, subject "Trial;" Bellamy v. Chambers, 69 N. W. (Neb.) 770; Mallory v. Fitzgerald's Estate, 95 N. W. (Neb.) 601; Ky. Stats., section 4025; Portland & Greenwood Turnpike Co. v. Bobb, 88 Ky., 226; Baker v. Winter, 1 Maryland 11; Sullivan v. Wilson, 101 Ky. 427.

J. L. SHARP and E. L. STEPHENS for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellee was the owner or claimant by a title of record of some 90 grants, of 200 acres each, issued to De Groot, Meredith, Thickston, and Carmichael in the year 1870.. The patents were taken out to cover solid bodies of land, and without reference to interference from older grants covering the same boundary, and without attention to claimants in possession, who might or might not have been entitled to notice and to pre-empt a certain quantity allowed by statute to actual settlers. The title claimed by appellee and his vendors had not been listed for assessment for any of the five years prior to 1906.

A comprehensive revenue statute was enacted by the General Assembly of 1906, which became effective in June of 1906. By the third article of the act it was made the duty of "each and every owner or claimant of land to pay all the taxes which had been assessed, and which should have been assessed, against him and those under whom he claims as the owner or claimant of said land as of the 15th day of September, 1901, the 15th day of September, 1902, the 15th day of September, 1903, the 1st day of September, 1904, and the 1st day of September, 1905." It was further provided by that act (section 1, art. 3, c. 22, p. 115, Acts 1906): "If said owner or claimant, or those under whom he claims, has failed to list said land, or any part thereof for taxation, as of said dates, or any of them, it shall be his duty to have same assessed and listed for taxation, in the manner and within the time hereinafter provided, as of each of said dates for which the assessment has been omitted, and to pay the

vol 132—4

taxes, interest and penalties thereon as herein pro-
vided. The fact that said land has been listed for
taxation, or the taxes have been paid thereon, by an-
other claimant shall not relieve against the duty
herein imposed.'' The act further provides that the.
owner or claimant, if the land has not been assessed
as against them for as many as three of the years
mentioned, shall forfeit his title unless he shall, after
the act takes effect, and before January 1, 1907, list
the lands for taxation in the manner provided by the
act and pay the taxes and penalties due upon the
assessment within the time. By the second section
of the article there is provided the manner of listing
the lands as required by the preceding sections. It is
made the duty of the owner or claimant to file his
petition in the county court of the county where the
land lies on or before January 1, 1907, ''in which the
land sought to be charged shall be described so as to
be identified,'' etc.

Appellee filed his petition in the Leslie county court
on December 28, 1906, in which he stated he was the
owner by equitable title of 90 patents or grants, of
200 acres of land each, granted by the Commonwealth
of Kentucky in the year 1870 to W. H. De Groot, H.
B. Meredith, L. H. Thickston, and J. Carmichael,
making a total of 18,000 acres to which appellee had a
prima facie title. The only description of the several
tracts covered by the 90 patents is as follows (giving
here only a few as illustrating all the descriptions):
''406 acres on the point on the west side of Main Cut-
shin creek; 200 acres, on top of the point between
Sang fork of the Laurel fork of Greasy and Cutshin
at Harlan county line; 200 acres at Rich Hollow, in
head of Main Cutshin creek; 400 acres at fork of a
small branch in head of Main Cutshin; 400 acres on

a small point in head of Cutshin creek''—and so on. The petition further states: ''That his information is, and he asserts that it is true, that said patents cover and include much land that had been surveyed and patented prior to the year 1870, the date of the grants aforesaid, and that the land actually held under said grants is very much less than 18,000 acres, to-wit, about 4,000 or 5,000 acres, and that taking said patents in the condition they now are the sum of $12,500 is a fair average cash value for the years mentioned, or for any year in which they have been omitted from the list of taxable property in Leslie county.'' This description was not a compliance with the statute, which required that in the petition the claimant should describe the land which he offers to list for taxation ''so as to be identified.'' It is made worse by the qualification of the description contained in the clause quoted from the petition above. The qualification leaves more uncertain the location of the lands intended to be listed, as well as qualifies the value put upon the lands offered to be listed, by the fact that there are doubts as to the sufficiency of the claimants' title—a matter which the statute does not admit, but by clear implication, if not by express negation, forbids it, when it excludes the fact that any other person has listed or paid taxes on the land, or any part of it, from releasing the claimant now offering to list it from full liability for taxes upon it.

The county court acted upon a demurrer to the petition in February, 1907, holding the petition to be insufficient. Thereupon appellee tendered an amended petition, in which he does describe each tract fully and sufficiently by metes and bounds, and location, and name of patentee, together with statement of the claimants' derivation of title from the patentee. But

it does not withdraw—on the contrary, it left as it was—the modification of the boundary and title proffered to be listed, as contained in the foregoing quotation. The amendment was rejected, as being insufficient; and, the petitioner refusing to plead further, his petition was dismissed. He prosecuted an appeal to the Leslie circuit court. There he tendered and was allowed to file the amended petition which the county court had rejected. This was done in August, 1908. At the same time appellee filed, over the objection of the Commonwealth, a second amended petition, in which the foregoing qualification was not withdrawn or modified. In this last amendment a new and different description of the various tracts is given, in which it appears that appellee has eliminated all that portion of his various boundaries which conflicted with what he conceived to be better titles. The net result was he described 6,549 acres out of 18,000 acres which his patent covered, and offered to list the smaller acreage at $5 per acre. The circuit court allowed this course, and so adjudged. From that action of the circuit court the Commonwealth prosecutes this appeal.

The validity of article 3 of the revenue act of 1906 was before this court in the case of Eastern Kentucky Coal Lands Corporation v. Commonwealth, 106 S. W. 260, 32 Ky. Law Rep. 129, 127 Ky. 667, and was there sustained. In that case it was held that the act under consideration partook of revenue and police features; that a time was given by the act after it became effective, to-wit, until January 1, 1907, to comply with its requirements as to listing omitted property which had been omitted for the five years named in the act; that the description of the petitioner's lands must be such as to identify them with reasonable certainty;

and that the claimant had not the right to exclude from his boundaries those lands covered by his title to which others had, or were conceded to have, a superior title to that of the claimant; that it was the duty of the claimant to list his title, whether good or bad; that it was his title or claim, such as it was, that was aimed by the act to be taxed; and that his omission or exclusion of parts of his boundary was a violation of the act, and failed to bring him within its saving provisions. The petition in this case is subject to all the vice, differing only in degree, that the petition in the case cited was subject to. Neither the petition nor the amendments were a sufficient compliance with the act, and should have been dismissed.

The act provides that the county court shall act as an assessing tribunal. It is limited as to the time within which it could act. The appeal to the circuit court was to provide against error in the action of the county court. It was not intended, by providing for an appeal, to extend the time within which the recusant taxpayer could list his omitted property. That would be a premium upon further delay, a temptation to dally longer with an urgent duty, which practice had not only exhausted the patience of the Commonwealth, but had defeated it in the effort to collect many thousands of revenue from this class of property holders. If the county court had acted erroneously in rejecting the petition or amended petition tendered to it, that error could have been remedied on appeal to the circuit court. But when the county court ruled properly on the petition and its amendment, and the taxpayer failed to tender to that tribunal, within the time allowed by the act, a sufficient petition, the grace allowed by the statute was exhausted. It could not be revived and extended by

an appeal to the circuit court, where, after the time allowed by the act, the taxpayer could for the first time proffer in sufficient form to do what the act required should have been done within the specified time, which expired January 1, 1907.

The judgment is reversed, and cause remanded, with directions to dismiss the petition.